UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:23-CR-66-CCB-MGG |
| SAMANTHA M CONLEY A/K/A SAMANTHA M. MELFORD | |

## OPINION AND ORDER

On March 5, 2024, Defendant Samantha M. Conley filed her Motion to Dismiss Based on Pre-Indictment Delay. On April 2, 2024, the United States responded, and the Motion became ripe on April 19, 2024, when Ms. Conley filed her reply. Based on the applicable law, facts, and arguments, Ms. Conley's Motion will be denied without prejudice.

## I. BACKGROUND

On September 23, 2023, Ms. Conley was indicted on seven counts of sexual exploitation of a minor child between July and October 2016 under 18 U.S.C. § 2251(a). While residing in Mishawaka, Indiana, Ms. Conley allegedly recorded herself on video sexually abusing her five-year-old sister and sent those images via email and text to Trinity Phillips residing near Nashville, Tennessee. Ms. Conley contends that Mr. Phillips told her to video record the abuse and threatened to end their relationship if she did not comply. Ms. Conley moved to Tennessee in October 2016 and lived with Mr. Phillips and his wife until March 2, 2018, when she returned to Indiana after allegedly being abused by Mr. Phillips.

Ms. Conley's father arranged a meeting for Ms. Conley with FBI Special Agent Nikkole Robertson to discuss her experience. Agent Robertson interviewed Ms. Conley on March 6, 2018, in Hobart, Indiana. Ms. Conley allegedly reported Mr. Phillips's "interest in and possession of child pornography" and his coercive direction for her to engage in the conduct against her sister that is

the subject of the indictment. *See United States v. Phillips*, 54 F.4th 374, 376 (6th Cir. 2022). After the interview, FBI Special Agents executed a search warrant on Mr. Phillips's home in Tennessee and recovered video cited in Ms. Conley's indictment. Arrested on September 25, 2018, Mr. Phillips was indicted in the United States District Court for the Middle District of Tennessee for receipt and possession of child pornography, to which he pled guilty, and was sentenced on July 27, 2021, to 151 months in the Bureau of Prisons. *See id.* Mr. Phillips is now serving his sentence at FCI Thomson in Illinois.

The United States now reports that its case against Ms. Conley in the Northern District of Indiana was closed in 2018 when the case was referred to the Middle District of Tennessee with the understanding that Ms. Conley would be prosecuted there. She was not—a fact the Indiana Assistant United States Attorney learned in 2023 leading to Ms. Conley's current indictment.

Through her instant Motion, Ms. Conley indicates she disclosed information to law enforcement in 2018 to extricate herself from an abusive relationship with Phillips. Ms. Conley asserts her belief during the 2018 investigation that she was a victim of Mr. Phillips and that her assistance would be directed to the prosecution of only Mr. Phillips. Ms. Conley reports that since 2018, she has addressed mental health issues allowing her to complete her undergraduate degree, enroll in a graduate program, and secure employment. She argues that the Government's pre-indictment delay has violated her Fifth Amendment right to due process and asks that the indictment against her be dismissed accordingly.

## II.   ANALYSIS

No statute of limitations applies to cases involving production of child pornography like this one. *See* 18 U.S.C. § 3299. That said, a statute of limitations, or lack thereof, "does not fully define the [defendant's] rights with respect to the events occurring prior to indictment." *United States v. Marion*, 404 U.S. 307, 324 (1971). Preindictment delay is grounds for dismissal under the Due

2

Process Clause of the Fifth Amendment where the delay causes "substantial prejudice" to the defendant.  *Id.*  "[P]roof of prejudice is generally a necessary but not sufficient element of a due process claim."  *United States v. Lovasco*, 431 U.S. 783, 790 (1977).  "[T]he due process inquiry must consider the reasons for the delay as well as the prejudice to the accused."  *Id.*

To prevail on a claim that a preindictment delay has violated a defendant's constitutional right to due process through a fair trial, a defendant such as Ms. Conley must show that she suffered actual and substantial prejudice from the delay.  *See United States v. Hagler*, 700 F.3d 1091, 1099 (7th Cir. 2012); *United States v. Henderson*, 337 F.3d 914, 920 (7th Cir. 2003).  "A defendant must first show more than mere speculative harm . . . with facts that are specific, concrete, and supported by evidence."  *Henderson*, 337 F.3d at 920.  If the defendant makes the difficult showing to overcome this high hurdle, "the burden shifts to the government to demonstrate that the purpose of the delay was not to gain a tactical advantage over the defendant or for some other impermissible reason."  *Id.* (internal quotations and citations omitted); *see also Aleman v. Honorable Judges of the Cir. Ct. of Cook Cnty.*, 138 F.3d 302, 309 (7th Cir. 1998).  "The government's reasons are then balanced against the prejudice to a defendant to determine whether a due process violation occurred."  *Henderson*, 337 F.3d at 920.  In other words, the court must weigh the defendant's actual and substantial prejudice against the reasons for the delay to determine whether the delay offends "those fundamental conceptions of justice which lie at the base of our civil and political institutions."  *Lovasco*, 431 U.S. at 790 (internal quotations and citations omitted).

Here, Ms. Conley argues that the delay between her interview with Special Agent Robertson in March 2018 and her indictment and arrest in September 2023 caused actual, non-speculative prejudice to her ability to defend herself.  More specifically, Ms. Conley contends that evidence and vital witness testimony are no longer available.  According to Ms. Conley, the preindictment delay

3

resulted in no witnesses to the alleged crime being available to testify about the circumstances of the alleged crime. Yet the only potentially "lost witness" Ms. Conley references seems to be herself.

Indeed, Ms. Conley retains her Fifth Amendment right to decline to testify at her trial. However, she makes no statement here as to her intent to testify or not to testify. Ms. Conley focuses more on her recovery from alleged mental health issues since her interview in 2018 as the reason she cannot reconstruct the circumstances between 2016 and 2018 to demonstrate Mr. Phillips's coercive power over her and her diminished capacity to resist him if she were to testify. While Ms. Conley may generally be correct that no doctor or medical expert could retroactively diagnose any past mental condition, she fails to address the possibility that other potential evidence of the alleged change in her mental status may exist, such as testimony from others who observed her during the relevant time periods.

Moreover, Ms. Conley has not explained why her own testimony, assuming she chooses to give it, could not describe the alleged change in her mental status. She analogizes her situation to that of the defendant in *United States v. Sowa*, 34 F.3d 447, 450–52 (7th Cir. 1994). In *Sowa*, the court found that actual and substantial prejudice from a preindictment delay existed based on the defendant's inability to assist in his own defense due to his deliberate alcohol and drug abuse during the intervening years. *Id.* at 449–50. In other words, the *Sowa* defendant's mental status changed between the time of the alleged crime and the indictment because he deliberately destroyed his own memory through substance abuse. *See id.* at 450. Ms. Conley's situation is the exact opposite. She improved her mental status in the intervening years presumably increasing her ability to assist with her defense regardless of whether she testifies.

Without more specific, concrete facts supported by evidence, Ms. Conley has not established actual and substantial prejudice to justify consideration of the Government's reasons for the preindictment delay at this time. *See Henderson*, 337 F.3d at 920. Yet nothing precludes Ms. Conley

4

from renewing her motion later.  *Cf. United States v. Sabath*, 990 F. Supp. 1007, 1009–10 (N.D. Ill. 1998).

### III. CONCLUSION

As Ms. Conley has not established actual and substantial prejudice from the Government's preindictment delay, her Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.  [DE 22].

Lastly, the Government filed its response brief [DE 26] under seal without leave of court. For the sake of expediency, the Court considered the Government's brief in deciding Ms. Conley's instant Motion.  However, all Court filings are presumptively public especially in criminal proceedings and must not be sealed absent a very good reason.  *See United States v. Vales*, Case No. 23-CR-14, 2024 WL 249391, at *1 (E.D. Wis. Jan. 23, 2024) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982)).  Therefore, the United States is **ORDERED** to show cause by **June 5, 2024**, why its response brief [DE 26] should remain sealed.  Failure to do so will result in the unsealing of the response brief.

SO ORDERED.

May 22, 2024

                                                    /s/ *Cristal C. Brisco*
                                                  CRISTAL C. BRISCO, JUDGE
                                                  UNITED STATES DISTRICT COURT